Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4685 | **DATE** | 7/20/2004 |
| **CASE TITLE** | AIRTRAN AIRWAYS vs. CITY OF CHICAGO, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter amended memorandum opinion and order regarding motion to dismiss the second amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 21 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUL 20 PM 7:49 | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

AIRTRAN AIRWAYS, INC., a Delaware corporation,

    Plaintiff,

v.

CITY OF CHICAGO, an Illinois municipal corporation, and SHARP AVIATION, INC., a Tennessee corporation,

    Defendants.

No. 03 C 4685
Judge James B. Zagel

DOCKETED
JUL 2 1 2004

## AMENDED
## MEMORANDUM OPINION AND ORDER

In 1999, Plaintiff AirTran Airways and Co-Defendant City of Chicago entered an Amended and Restated Airport Use Agreement and Facilities Lease, in which the City contracted to provide certain services in connection with AirTran's commercial flight operations at Chicago Midway Airport, which is owned and operated by the City.[1] On July 6, 2002, the City's Airport

---

[1] The following facts have been taken from AirTran's Second Amended Complaint. At the risk of stating the obvious, the fact that I must accept these facts as true *solely for the purposes of the pending motion to dismiss* has no bearing whatsoever, in terms of subsequent proceedings, as to whether these allegations are indeed true. *See Katz v. New Hampshire Div. of Children and Youth Servs.*, No. 93-211-M, 1994 WL 255230, at *1 (D.N.H. Mar. 31, 1994) ("The facts are taken from plaintiffs' second amended complaint and are accepted as true *solely for the purposes of ruling on defendants' motions to dismiss*.") (emphasis added); *Jaskilka v. Carpenter Tech. Corp.*, 757 F. Supp. 175, 176 (D. Conn.1991) ("The following facts have been taken from plaintiff's complaint, and they will be presumed true *solely for the purposes of considering defendant's motion to dismiss*.") (emphasis added); *Doe v. United States*, 32 Fed. Cl. 472, 473 (Fed. Cl. 1994) ("Insofar as they relate to plaintiff's qualification for an award under the moiety statute, the court will assume, *solely for the purpose of ruling on the motion to dismiss*, that the facts asserted are true.") (emphasis added); *Mayo v. Questech, Inc.*, 727 F.Supp. 1007, 1008 n. 2 (E.D. Va. 1989) ("Plaintiff's well-pleaded facts are accepted as true *solely for the purpose of testing the legal sufficiency of the claims challenged by defendants' motion to dismiss*.") (emphasis added); *Bradley v. Carydale Enters.*, 707 F.Supp. 217, 218 n. 2 (E.D. Va.

Operations escorted a Boeing 727 owned by AirTran to a remote parking spot after it landed at the Airport. An employee of Co-Defendant Sharp Aviation rode the airplane's brake, and an AirTran employee operated the push back tractor that towed the airplane. The tractor operator was required to follow the City's escort, who in turn was directed by Federal Aviation Administration ("FAA") Ground Control. AirTran alleges that the City's escort took a different route than was typically used and that this new route included an improperly sharp turn. As a result of this turn, the nose wheel steering gear of the aircraft came into contact with the push back tractor and was badly damaged. AirTran subsequently brought suit against the City and Sharp Aviation, and the City now moves to dismiss AirTran's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, to dismiss Count I of the Second Amended Complaint pursuant to Rule 12(b)(6).

Rule 12(b)(1)

The City argues that dismissal under Rule 12(b)(1) is appropriate because the amount in controversy may not exceed $75,000, thus precluding jurisdiction under 28 U.S.C. §1332(a). The City appropriately argues this "with caution" because Count I does pray for relief in excess of $75,000. If AirTran alleges "a dispute substantial enough to come within the diversity jurisdiction, [its] inability to prove an injury exceeding the minimum amount in controversy does not affect jurisdiction." *Pratt Cent. Park Ltd. P'ship v. Dames & Moore, Inc.*, 60 F.3d 350, 351 (7th Cir. 1995). Airtran is not required to prevail on the merits as a condition of jurisdiction or to

---

1989) ("Many other facts in this case are certain to be hotly disputed. But *solely for the purposes of defendants' motion to dismiss*, the Court accepts as true the facts alleged in plaintiff's Complaint.") (emphasis added).

itemize damages. *Id.* at 351-52; *Hydra-Stop, Inc. v. Severn Trent Envtl. Servs., Inc.*, No. 03 C 4843, 2003 U.S. Dist. LEXIS 21769, at *12 (N.D. Ill. Dec. 3, 2003) (damages allegations sufficient if they put opposing party "on notice of the nature of the claimed damages"). Nonetheless, I am not limited to the face of the complaint in determining whether or not the cause of action meets jurisdictional requirements. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 184 (1936); *Pratt Cent. Park Ltd. P'ship*, 60 F.3d at 352-53; *Roman v. United States Postal Serv.*, 821 F.2d 382, 385 (7th Cir. 1987). The City relies on AirTran's computation of damages in its Rule 26(a) Disclosure to argue that AirTran's damages only total $55,851.70, the sum of repair and towing costs. According to the City, the additional lost revenue damages that are listed in the Disclosure and place the total alleged amount over $75,000 "are not sought in the Second Amended Complaint." However, the Second Amended Complaint does allege damages in excess of $75,000. Furthermore, the itemized list of damages contained in AirTran's Disclosure, which totals more than $160,000, raises sufficient doubt about the City's argument that damages under the current complaint should be limited to $55,841.70 and thus to an amount less than the jurisdictional requirement. Under Illinois law, lost net revenue is recoverable in a breach of contract action. *See Durasys, Inc. v. Leyba*, 992 F.2d 1465, 1469 (7th Cir. 1993). The Disclosure lists $104,168.56 in "lost revenue," and the City has not submitted any evidence that these damages are not lost profits. On the other hand, AirTran submitted a letter with its response claiming that these lost revenue figures represent "lost *net* revenue, i.e. lost profits." Accordingly, the Disclosure, rather than casting doubt on AirTran's claim that damages exceed $75,000, provides me with an adequate basis to conclude that the Second Amended Complaint

3

sufficiently alleges the required jurisdictional amount. Therefore, I deny the motion to dismiss the Second Amended Complaint based on Rule 12(b)(1).

Rule 12(b)(6)

Alternatively, the City argues that Count I fails to state a claim upon which relief can be granted. In reviewing a Rule 12(b)(6) motion to dismiss, I must assume the truth of all well-pleaded allegations, making all reasonable inferences in favor of AirTran. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund.*, 25 F.3d 417, 420 (7th Cir. 1994). I should grant the motion only if AirTran cannot prove any set of facts in support of its claim that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Count I alleges that the City breached its contract with AirTran and deprived it of its entitlement to quiet enjoyment of the premises by failing to adequately operate and maintain the Airport in a reasonably prudent manner and by impeding AirTran's right to tow and park its aircraft in a prudent and safe manner. Specifically, it alleges that the City failed to properly escort the airplane and failed to properly train its employees to provide escort services for AirTran. The City argues that Count I fails because there was no contractual obligation to provide escort services, and even if there was, the route of travel was dictated by the FAA, not the City. AirTran counters that Count I includes several lease provisions that, despite absence of the term "escort services," nevertheless established an obligation to provide such services.

To state a cause of action for breach of contract under Illinois law, AirTran must allege that: (1) a contract existed; (2) AirTran performed its contractual obligations; (3) the City

4

breached the contract; and (4) AirTran suffered damages resulting from the breach. *See Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 745-46 (N.D. Ill. 1999). To survive a motion to dismiss, AirTran is not required to prove its allegations but need only have pleaded "the bare essentials of performance and damages." *Bell Enters. Venture v. Santanna Natural Gas Corp.*, No. 01 C 2212, 2001 WL 1609417, at *4 (N.D. Ill. Dec. 12, 2001) (citing *Tibor Mach. Prods., Inc. v. Freudenberg-NOK Gen. P'ship*, 967 F. Supp. 1006, 1011 (N.D. Ill. 1997)). That the City disagrees with AirTran over whether or not the provisions of the contract include "escort services" only suggests that a dispute exists between the parties over how to understand and interpret the contract provision that requires the City to "operate and maintain the Airport." Such a dispute cannot be resolved by a motion to dismiss. *Echo, Inc. v. Whitson Co.*, 121 F.3d 1099, 1104-05 (7th Cir. 1997); *Quake Constr., Inc. v. Am. Airlines, Inc.*, 565 N.E.2d 990, 994 (Ill. 1990). Accordingly, I cannot dismiss AirTran's complaint on the basis of the City's argument that the contract did not require it to provide escort services. *See id.*

The City's second argument for dismissal under Rule 12(b)(6) – that the City's escort must follow the direction of FAA air traffic controllers – similarly fails. While relevant FAA Advisory Circulars may establish the standard of care to be followed by Airport operators, *see Anderson v. Alberto-Culver USA, Inc.*, 740 N.E.2d 819, 828-29 (Ill. App. Ct. 2000), the City has not provided sufficient reason to conclude "beyond doubt" that AirTran cannot prove any set of facts in support of its claim, *Hi-Lite Prods. Co. v. American Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). Whether or not the City followed the FAA's standard of care is a fact question to be determined in subsequent proceedings. *See Anderson*, 740 N.E.2d at 829. For this reason, I will not dismiss Count I.

For the reasons above, the City of Chicago's Motion to Dismiss Plaintiff's Second Amended Complaint is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: JUL 2 0 2004