UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AIRTRAN AIRWAYS, INC.,

    Plaintiff/Counter-defendant,

    v.

CITY OF CHICAGO,

    Defendant/Counter-plaintiff.

No. 03 C 4685
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

AirTran Airways, Inc. ("AirTran") and the City of Chicago entered into a lease agreement permitting AirTran to use the airfield at Midway Airport. On June 6, 2002, an AirTran Boeing 727 operated by Sharp Aviation, Inc. ("Sharp") collided with a tug operated by AirTran and escorted by the City. AirTran filed suit against Sharp and the City for property damage and lost profits.

In 2003, the City moved to dismiss both of AirTran's claims. I granted the City's motion to dismiss the negligence claim, finding that Section 13.01(a) of the parties' agreement indemnified the City against "any and all loss" arising from the City's negligence with respect to AirTran's use of Midway. I denied the motion to dismiss the breach of contract claim without prejudice, as it was unclear whether the indemnification clause could be applied to a breach of contract claim in a two-party suit.

The City subsequently filed a four-count counterclaim alleging AirTran's breach of the contract. Count I alleges that AirTran failed to require its subcontractor, Sharp Aviation, to carry insurance naming the City as an additional insured. Count II alleges AirTran's failure to name the City as an additional insured on a certain insurance policy. Count III alleges AirTran's failure

to comply with the indemnity provisions of the agreement. Count IV alleges AirTran's failure to properly train, instruct and supervise its agents and employees in towing aircraft. AirTran moved to dismiss the counterclaim pursuant to *Fed. R. Civ. P. 12(b)(6)*. That motion was stayed pending the parties' efforts to resolve their dispute with the guidance of the magistrate judge; having failed to do so, they asked for a ruling on AirTran's motion.

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *See Autry v. Northwest Premium Servs. Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant AirTran's motion only if the City cannot prove any set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In reviewing AirTran's motion, I must construe all allegations in the counterclaim in the light most favorable to the City and accept all well-pleaded facts and allegations as true. *See, e.g.*, *Bontkowski v. First Nat'l Bank,* 998 F.2d 459, 461 (7th Cir. 1993). I may only grant AirTran's motion if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

AirTran raises two arguments in its motion. First, it argues that the counterclaim is improper because the only damages alleged are attorneys' fees, which the City is not entitled to seek. Under Illinois law, a party cannot recover attorneys fees for a breach of contract action unless a prior agreement of the parties requires otherwise. *See, e.g.*, *West Lafayette Corp. v. Taft Contr. Co.*, 178 F.3d 840, 842 (7th Cir. 1999). The City claims that the lease agreement's indemnification provision imposes on AirTran an obligation to bear the City's costs in defending against any claims of negligence, including against a claim of negligence brought by AirTran. This leads to AirTran's second and fundamental objection to the City's counterclaims: that all of

2

the City's counterclaims are based on the indemnification provision, which AirTran contends is inapplicable to disputes between the two parties to the agreement.[1]

The heart of the matter is the City's allegation that AirTran violated the terms of the indemnity provision of the agreement when it filed suit against the City. Indemnity agreements are enforceable contracts, and I must interpret them to give effect to the parties' intent. *See Higgins v. Kleronomos*, 459 N.E.2d 1048 (Ill. App. Ct. 1984). However, indemnification agreements are not favored in Illinois, and their provisions are construed strictly against the indemnitees. *See Church v. General Motors Corp.*, 74 F.3d 795 (7th Cir. 1996). The relevant provisions of this contract are found in section 13.01, which states in part:

> (a) [AirTran] agrees to defend, indemnify and hold harmless the City, its . . . agents and employees from and against any and all loss, liability, penalties, damages of whatever nature, causes of action, suits, claims, demands, judgments, injunctive relief, awards and settlements, including, without limitation, payments of claims of liability resulting from any injury or death of any person or damage to or destruction of any property, arising out of:
> > (I) the willful misconduct, negligent or tortious act or omission of [AirTran], its Agents, employees, licensees, Contractors;
> > (ii) [Airtran]'s use or occupancy of the Airport and the Leased Premises;
> > (iii) the violation by [AirTran] of any agreement, warranty, covenant or condition of this Agreement, of any other contract, agreement, law, ordinance, regulation or court order affecting the Airport; and
> > (iv) suits alleging violations of any federal or state laws as a result of any actions taken by the Airline or the City . . .

---

[1] AirTran also claims that the City improperly invokes the indemnification provisions in its counterclaim since "this Court has already ruled that the indemnification provision is inapplicable to AirTran's breach of contract claim." That claim is incorrect. When I denied the City's motion to dismiss AirTran's breach of contract claim in 2003, I left open the issue of whether the indemnification clause applied to that count.

> (g) Without limiting the generality of any other provision hereof, the Airline shall reimburse the City for the cost of any and all reasonable attorneys' fees and investigation expenses and any other costs incurred by the City in the defense and handling of said suits and claims and in enforcing the provisions of this Agreement.

AirTran suggests that the indemnification provision is not triggered absent the involvement of a third-party. I have already ruled that there is no such prohibition on the use of an indemnity provision in a two-party suit. *AirTran Airways, Inc. v. City of Chicago*, No. 03 C 4685, 2003 U.S. Dist. LEXIS 26939 (N.D. Ill. Dec. 16, 2003) (citing *Modern Steel Treating Co. v. Liquid Carbonic Industrial/Medical Corp.*, 698 N.E.2d 710, 713 (Ill. App. Ct. 1998)). *See also Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) (holding that a third-party was not required to invoke the indemnification provision and observing that "[r]estitution, insurance, and general compensation are among the meanings of indemnity"). Here, the counterclaim is based not only on the indemnification clause but on AirTran's obligation under the contract to provide insurance.

AirTran next argues that the language of the indemnification agreement is not sufficiently explicit to support the City's claim for costs and attorneys' fees in defending against AirTran's negligence suit. *Cf. Kellers Sys., Inc. v. Transp. Int'l Pool, Inc.*, 172 F. Supp. 2d 992 (N.D. Ill. 2001) (holding that an indemnification provision must clearly state that indemnity extends to a party's claim for costs and fees after defending against a suit brought by the other party). AirTran argues that the indemnity provision in *Kellers* was "extremely similar" to the agreement in this case because it also stated that the plaintiff shall "indemnify, defend and hold harmless" the defendant "against any and all [l]osses." *Id*. at 998. Although it is true that the "hold harmless" language appears in both agreements, the agreement in this case also contains explicit

4

language relevant to AirTran's negligence suit against the City. Under § 13.01(a), "[t]he Airline agrees to indemnify and hold harmless the City . . . from and against any and all . . . causes of action, suits, claims, demands . . . arising out of (c) the violation by the Airline of any agreement, warranty, covenant or condition of the Agreement . . . ." The indemnification provision also provides, "the Airline will, at its own cost and expense, defend against all such claims, demands, and suits, whether frivolous or not." Section 13.01(g) requires AirTran to reimburse the City for the "costs of any and all reasonable attorneys' fees . . . incurred by the City in the defense and handling of said suits and claims and in enforcing the provisions of this agreement."

AirTran argues that §13.01 does not encompass fee-shifting for a suit alleging negligence by the City. In my earlier decision dismissing AirTran's negligence claim, I ruled that the claim fell within the § 13.01 indemnification clause. Because that claim falls within the scope of "said suits and claims" identified in § 13.01(g), the City is within its rights to seek reasonable costs and attorneys' fees for defending against the suit (Count III of its counterclaim). The remaining allegations in Counts I, II and IV would constitute a breach of the contract if the City's allegations were proven. Such a breach would trigger AirTran's obligation under § 13.01(a)(3) to cover the City's reasonable costs and attorneys' fees, though I do not believe the City would be entitled to any fees beyond the reasonable costs and fees accumulated in the defense of the earlier-dismissed negligence claim.

For these reasons, AirTran's Motion to Dismiss is denied. The City seeks an entry of judgment in its favor on the counterclaims and an award of fees and costs. I will not do so at this time in light of AirTran's outstanding breach of contract claim, but at the conclusion of the litigation, the City may present a petition for judgment as well as fees and costs for successfully seeking dismissal of AirTran's negligence claim.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: June 27, 2006